Minny FRANK, Plaintiff-Appellant,

v.

CASCADE HEALTHCARE COMMUNI-TY, INC., agent of St. Charles Medical Center; et al., Defendants-Appellees.

No. 14-35188

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2017 *

Filed April 20, 2017

Minny Frank, Pro Se

Steven Paul Jones, Attorney, Keating Jones Hughes PC, Portland, OR, for De-fendants-Appellees Cascade Healthcare Community, Inc., Rebecca Timms, Nichole Ryan, Patricia Violet, Christine Scott Huffman, Penni Lancaster, Randal Hanson McBride, Jonathan Beutler, Justin A. Nel-son

Karen O'Kasey, Hart Wagner, LLP, Portland, OR, Gordon L. Welborn, Es-quire, Attorney, Erika Lyn Wilson, Hoff-man Hart & Wagner LLP, Redmond, OR, for Defendant-Appellee Edward Palmer,

Central Oregon Emergency Physicians, LLC

Robert Edward Franz, Jr., Attorney, Law Office of Robert E. Franz, Jr., Springfield, OR, for Defendant-Appellee City of Bend, Bend Police Department, Ian Macdonnell

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Minny Frank appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging federal and state law claims in connection with psychiatric emergency services she re-ceived at a hospital. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment and qualified im-munity. *Hughes v. Kisela,* 841 F.3d 1081, 1084 (9th Cir. 2016). We affirm.

The district court properly granted sum-mary judgment on Frank's § 1983 dam-ages claims against defendants Namanny and Macdonnell because they are entitled to qualified immunity for the alleged Fourth Amendment and Fourteenth Amendment violations. *See Pearson v. Cal-lahan,* 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (explaining that "quali-fied immunity protects government offi-cials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (citation and internal quota-tion marks omitted)).

The district court properly granted sum-mary judgment on Frank's § 1983 claims against defendants Cascade Healthcare

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and is not precedent except as provid-ed by Ninth Circuit Rule 36-3.

Community, Inc. (d/b/a St. Charles Medical Center), Palmer, Timms, Ryan, Violet, Huffman, Lancaster, McBride, Beutler, and Nelson because Frank failed to raise a genuine dispute of material fact as to whether these private defendants were acting under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (describing criteria used in evaluating whether a defendant is a state actor).

The district court properly granted summary judgment on Frank's negligence per se claim because Frank failed to raise a genuine dispute of material fact as to whether defendants violated any applicable statute or rule during the provision of her medical care. *See Buoy v. Kim*, 232 Or. App. 189, 221 P.3d 771, 779 (2009) (elements of a negligence per se claim under Oregon law); *see also Abraham v. T. Henry Constr., Inc.*, 350 Or. 29, 249 P.3d 534, 537 n.5 (2011) ("[N]egligence *per se* is ... simply shorthand for a negligence claim in which the standard of care is expressed by a statute or rule.").

The district court properly granted summary judgment on Frank's medical negligence and negligent infliction of emotional distress ("NIED") claims because Frank failed to raise a genuine dispute of material fact as to whether defendants breached a duty of care owed to her. *See Creasey v. Hogan*, 292 Or. 154, 637 P.2d 114, 122 (1981) (medical negligence claim under Oregon law requires proof "of what is proper conduct by practitioners in the community or a similar community under circumstances similar to those which confronted the defendant"); *Simons v. Beard*, 188 Or. App. 370, 72 P.3d 96, 103 (2003) (medical NIED claim under Oregon law requires that "the defendant care provider breached a specific duty to be aware of and guard against particular adverse psychological reactions or consequences to medical pro-

cedures" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Frank's claim of intentional infliction of emotional distress ("IIED") because Frank failed to raise a genuine dispute of material fact as to whether defendants intended to inflict severe emotional distress on her or that defendants' conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct. *See McGanty v. Staudenraus*, 321 Or. 532, 901 P.2d 841, 849 (1995) (en banc) (requirements of an IIED claim under Oregon law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**